1  Cara R. Burns (State Bar No. 137557)
   cburns@hmkblawyers.com
2  HICKS, MIMS, KAPLAN & BURNS
3  2800  28th Street, Ste 383
   Santa Monica, California 90405
4  Telephone: (310) 314-1721
5  Facsimile: (310) 314-1725

6  Attorneys for Plaintiff,
7  LIVE NATION MERCHANDISE, INC.

FILED
CLERK, U.S. DISTRICT COURT

JUN 1 5 2015

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

NOTE CHANGES MADE BY THE COURT.

8
9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11  LIVE NATION MERCHANDISE, INC., )   Case No. 2:15-cv-3762  GHK(Ex)
                                    )
12              Plaintiff,          )   [PROPOSED] PRELIMINARY
                                    )   INJUNCTION  AND  SEIZURE
13         v.                       )   ORDER SHOULD NOT ISSUE
                                    )
14  JOHN DOES 1-5, JOHN DOES 1-5,   )
    JANE DOES 1-4  XYZ COMPANY,     )   Hearing Date: June 15, 2016
15  CARMEN RUIZ, JARRED SMITH,      )   Time:        8:30 a.m.
    JOHN SUTTON, STEVE SMITH,       )   Courtroom:   650, Hon. George.
16  "WASHINGTON," "SMOKE," "JULY," )               H. King
    "MAGOO," "SNODING," "KOOL,"     )
17  JOHN DOE A, JOHN DOE B, JOHN    )
    DOE C,  JOHN DOE D, JOHN DOE E, )
18  JOHN DOE F, JOHN DOE G, AND     )
    JANE DOE A,                     )
19                                  )
20              Defendants.         )

21      Plaintiff   Live Nation Merchandise, Inc. ("Plaintiff") having moved for a

22  preliminary injunction enjoining and restraining the defendants CARMEN RUIZ,

23  JARRED SMITH, JOHN SUTTON, STEVE SMITH, "WASHINGTON," "SMOKE,"

24  "JULY," "MAGOO," "SNODING," "KOOL," JOHN DOE A, JOHN DOE B, JOHN

25  DOE C,  JOHN DOE D, JOHN DOE E, JOHN DOE F, JOHN DOE G, AND JANE

26  DOE A, and those in active concert or participation from manufacturing, selling or

27  distributing merchandise bearing the federally registered trademarks, service marks,
28

Hicks, Mims,
Kaplan, and Burns
Attorneys at Law

logos, likenesses or other indicia of the Group known as **"U2"** (collectively the "Group's Trademarks") ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the and/or near the Group's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable George H. King on the 15th day of June, 2015, at the United States Courthouse in the Central District of California, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1. By reason of the substantial and continuous use of the Group's Trademarks in connection with the Group's work, said marks have acquired meanings identified with the Group and with products and services associated with the Group;

2. The named defendants ~~and other defendants~~ and those in active concert or participation with such defendants have infringed and/or will be infringing upon Plaintiff's rights in the Group's Trademarks, as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Trademarks at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3. The acts of the named defendants ~~and other defendants~~ and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services, b) are activities which affect interstate commerce, and c) infringe the trademark and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff , the

Hicks, Mims,
Kaplan & Burns
Attorneys at Law

1    Group with respect to such goods;

2        4.    The named defendants ~~and other defendants~~ and those in active concert or

3    participation with them, will continue to sell such unauthorized merchandise unless

4    enjoined by the Court; and

5        5.    Copies of this Court's Amended Temporary Restraining Order; Seizure

6    Order; and an Order to Show Cause Why a Preliminary Injunction and Seizure Order

7    Should Not Issue and the Complaint filed in support of Plaintiff's application in this

8    case have been served upon certain defendants and the unauthorized, "bootleg"

9    merchandise has been seized from the certain defendants;

10       **NOW, THEREFORE, IT IS HEREBY**

11       **ORDERED**, that the named defendants and ~~other defendants,~~ their agents,

12   servants, employees, attorneys, successors, and assigns, and all persons, firms, and

13   corporations acting in active concert or participation with said defendants, are enjoined *who receive actual notice of this Order*

14   and restrained from: *by personal service or otherwise*

15       (A)    Using any or all of the Group's Trademarks in connection with the sale,

16   offering for sale, distribution, and/or advertising of any clothing or other merchandise;

17       (B)    Manufacturing, distributing, selling, and/or holding for sale any clothing or

18   other merchandise which carries or otherwise uses any or all of the Group's

19   Trademarks; or

20       ( c )    Aiding, abetting, inducing, or encouraging another to perform any of the

21   acts enjoined herein.

22       **IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any

23   district in which Plaintiff seeks to enforce this Order in the United States, the state

24   police, local police, local deputy sheriffs, off-duty officers of the same and any person

25   acting under their supervision (collectively "Process Servers"), are hereby similarly

26   authorized to seize and impound any and all unauthorized merchandise bearing any or

27   all of the Group's Trademarks (i.e. the **U2** marks) or any colorable imitations or

28

variations thereof, or associated marks which named ~~and other~~ defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from six (6) hours before to six (6) hours after any performance of the Group within a two (2) mile vicinity of the halls, stadiums or arenas at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Group's Trademarks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED**, that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers at the time the seizure provided herein is effected, and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED**, that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless

Hicks, Mims,
Kaplan & Burns
Attorneys at Law

[Proposed] Preliminary Injunction
And Seizure Order

otherwise ordered by this Court.

   **IT IS FURTHER ORDERED**, that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

   **IT IS FURTHER ORDERED**, that the bond heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

   **IT IS SO ORDERED.**

Dated: June __15__ 2015
At: __8 : 04__ m.

_____
**THE HONORABLE GEORGE H. KING**
**UNITED STATES DISTRICT JUDGE**

Respectfully Submitted,
**LIVE NATION MERCHANDISE, INC.**
 /s/Cara R. Burns
Cara R. Burns, Esq. (Cal. Bar # 137557)
Hicks, Mims, Kaplan & Burns
2800  28th Street, Ste 383
Santa Monica, CA 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725

[Proposed] Preliminary Injunction
And Seizure Order

Hicks, Mims,
Kaplan & Burns
Attorneys at Law